In an action to recover damages for death, and for the conscious pain and suffering of plaintiff’s intestate, judgment, entered on the verdict of a jury in favor of plaintiff, reversed on the law and the facts and • a new trial.granted, costs to abide the event. The plaintiff recovered a verdict on the theory that the appellant, a supplier of fuel oil, pumped oil into a tank in the cellar of a building until the oil overflowed out of a hole in the top of the tank, from which the appellant’s driver had removed the cap; that the overflowing oil ran to a pit surrounding the furnace; that in some manner the oil became ignited and burned in the cellar; that the resulting smoke entered the apartment of plaintiff’s intestate, who lived next door, and that such smoke caused a condition of carbon monoxide poisoning from which the intestate died about an hour later at a house about a block away, to which he had walked. The facts upon which the finding of the jury must rest are seriously in dispute. The appellant was deprived of a fair trial by the prejudicial arguments made by plaintiff’s counsel to the jury, in respect of the appellant’s having bought the testimony of its medical witnesses. There was no evidence in the case upon which to base such arguments. Further, the appellant was entitled to a declaration of a mistrial following the demand made by plaintiff’s counsel, in the presence of the jury, that the appellant’s medical witness be held for perjury. Johnston, Acting P. J., Adel, Sneed, Wenzel and MaeCrate, JJ., concur.